NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VIET MIKE NGO, | ) | No. C 04-1627 JF (PR) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE |
| vs. | ) ) | |
| J. SOLIS, Warden, | ) ) | |
| Respondent. | ) ) ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his liberty interest in parole. Petitioner has paid the filing fee. The Court orders Respondent to show cause why the petition should not be granted.

**STATEMENT**

In 1989, Petitioner was sentenced to seventeen years-to-life in state prison after his second degree murder conviction in Santa Clara Superior Court. Petitioner alleges that a negative Life Prisoner Evaluation report was prepared in conjunction with his Board of Prison Terms' parole hearing and subsequent denial of parole. Petitioner maintains that this negative report was issued in retaliation for his exercising his First Amendment rights

in filing civil rights complaints, writs and grievances at San Quentin and Avenal State Prison. Petitioner requests that this negative report be expunged from his central prison file. Petitioner filed state habeas petitions in the state superior court, appellate court, and supreme court. All of these petitions were denied as of March 30, 2004. Petitioner filed the instant federal habeas petition on April 26, 2004.

## DISCUSSION

A.   Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.   Petitioner's Claim

As grounds for federal habeas relief, Petitioner alleges that: (1) he has a limited constitutional right to have incorrect information expunged from his record; (2) he has a protected liberty interest in parole that has been violated by the use of uncorroborated and erroneous information in a Life Prisoner Evaluation Report prepared in conjunction with the Board of Prison Terms' parole suitability hearing. This negative report was issue in retaliation for Petitioner's exercise of his First Amendment rights in filing civil rights complaints, writs and grievances during his incarceration at San Quentin State Prison and Avenal State Prison; and (3) his Due Process and First Amendment rights have been violated by a pattern of retaliation for the lawful exercise of his right to file grievances and lawsuits. This negative Life Prisoner Evaluation Report prepared at Avenal State Prison was another incident of retaliation against Petitioner which culminated in his transfer after staff at Avenal State Prison threatened his life. Petitioner requests that this negative report be expunged from his Central file.

Liberally construed, Petitioner's allegations are sufficient to require a response.

## CONCLUSION

1. The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on the Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state parole record, and any supporting documentation that is relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fifteen days** of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."

\\\

\\\

1  He must comply with the Court's orders in a timely fashion.  Failure to do so may result
2  in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil
3  Procedure 41(b).
4       IT IS SO ORDERED.
5  DATED: 9/30/06
                                              JEREMY FOGEL
6                                             United States District Judge

Order to Show Cause
P:\pro-se\sj.jf\hc.04\Ngo627osc                4

1  A copy of this ruling was mailed to the following:

2

3  Viet Mike Ngo
E-21895
CTF - Soledad
4  P.O. Box 689
Soledad, CA  93960-0689

5

6  CA State Attorney General's Office
455 Golden Gate Avenue
7  Suite 11000
San Francisco, CA  94102-7004

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order to Show Cause
P:\pro-se\sj.jf\hc.04\Ngo627osc                5