**United States District Court**
For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIET MIKE NGO,<br><br>    Petitioner,<br><br>  v.<br><br>J. SOLIS,<br><br>    Respondent. | No. C 04-1627 JF (PR)<br><br>ORDER GRANTING PETITIONER'S MOTION TO VACATE JUDGMENT; ORDER REOPENING CASE; INSTRUCTIONS TO CLERK<br><br>(Docket No. 15) |

    Petitioner, a state prisoner proceeding pro se, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On May 29, 2007, the Court's order addressed to Petitioner was returned to the Clerk of the Court with a notation that it was undeliverable because Petitioner was "out to court as of 5/2/2007."  On September 30, 2007, the Court dismissed the instant habeas action without prejudice pursuant to Northern District Local Rule 3-11 for Petitioner's failure to keep the Court informed of his current address.

    Petitioner now moves the Court to vacate the judgment and reopen the instant case pursuant to Federal Rule of Civil Procedure 60(b).  Rule 60(b) lists six grounds for relief from a judgment.  Such a motion must be made within a "reasonable time," and as to grounds

1  for relief (1) - (3), no later than one year after the judgment was entered.  See Fed. R. Civ. P.
2  60(b).  A Rule 60(b) motion does not affect the finality of a judgment or suspend its
3  operation, see id.; therefore, a party is not relieved of its obligation to comply with the
4  court's orders simply by filing a Rule 60(b) motion.  Hook v. Arizona Dep't of Corrections,
5  107 F.3d 1397, 1404 (9th Cir. 1997).

6  Rule 60(b) provides for reconsideration where one or more of the following is shown:
7  (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence
8  which by due diligence could not have been discovered before the court's decision; (3) fraud
9  by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any
10 other reason justifying relief.  Fed. R. Civ. P. 60(b); School Dist. 11 v. ACandS Inc., 5 F.3d
11 1255, 1263 (9th Cir.1993).  "Rule 60(b) [] provides a mechanism for parties to seek relief
12 from a judgment when "it is no longer equitable that the judgment should have prospective
13 application," or when there is any other reason justifying relief from judgment.  Jeff D. v.
14 Kempthorne, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).  Rule
15 60(b) is not intended to remedy the effects of a deliberate and independent litigation decision
16 that a party later comes to regret through second thoughts or subsequently-gained knowledge.
17 Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1099 (9th Cir. 2006) (denying
18 reconsideration to a party who had settled and then discovered that her attorney had made
19 legal errors in advising her to settle).

20 Under subparagraph (1), "the determination of whether neglect is excusable is an
21 equitable one that depends on at least four factors:  (1) the danger of prejudice to the
22 opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the
23 reason for the delay; and (4) whether the movant acted in good faith."  Bateman v. United
24 States Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000).  Based upon these factors, the
25 Court concludes that Petitioner has shown good cause for his excusable neglect in his failure
26 to update his current address based upon his temporary stay in the Santa Clara County jail for
27 his pending state court proceedings.  See Pet.'s Decl. at 1-2.
28

Order Granting Petitioner's  Motion to Vacate Judgment; Order Reopening Case; Instructions to Clerk
P:\pro-se\sj.jf\hc.04\Ngo627reopen            2

Accordingly, Petitioner's motion to vacate the judgment (docket no. 15) is GRANTED.

## CONCLUSION

Petitioner's motion to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b) (docket no. 15) is GRANTED. The judgment entered on September 30, 2007 is VACATED. The Clerk shall REOPEN the file. The Court will address the merits of Respondent's motion to dismiss in a separate written order.

It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." Petitioner must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: 4/30/08

JEREMY FOGEL
United District Court Judge

Order Granting Petitioner's Motion to Vacate Judgment; Order Reopening Case; Instructions to Clerk
P:\pro-se\sj.jf\hc.04\Ngo627reopen           3