NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VIET MIKE NGO,
Petitioner,
vs.
J. SOLIS, Warden,
Respondent.

No. C 04-01627 JF (PR)

ORDER GRANTING MOTION TO DISMISS

(Docket No. 8)

Petitioner, a state prisoner proceeding pro se, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Respondent has filed a motion to dismiss the petition. (Docket No. 8.) Petitioner filed opposition, and Respondent filed a reply. For the reasons described below, the petition is DISMISSED without prejudice to refiling as a civil rights action pursuant to 42 U.S.C. § 1983.

---

[1] The case was dismissed without prejudice on September 30, 2007, pursuant to Rule 3-11 of the Northern District Local Rules. Thereafter, Petitioner filed a motion to vacate the judgment and reopen the action, which the Court granted after finding good cause for Petitioner's excusable neglect in his failure to update his current address based upon his temporary stay in the Santa Clara County jail for his pending state court proceedings. (See Docket No. 17.)

**DISCUSSION**

In 1989, Petitioner was sentenced to seventeen years-to-life in state prison after his second degree murder conviction in Santa Clara Superior Court. In the instant petition, Petitioner alleges a negative Life Prisoner Evaluation report was prepared in conjunction with his parole hearing in 2003 before the Board of Prison Term ("Board") and subsequent denial of parole. Petitioner claims that this negative report was issued in retaliation for his exercising his First Amendment rights in filing civil rights complaints, writs and grievances at San Quentin and Avenal State Prisons. Petitioner seeks relief by having the negative report expunged from his central prison file.

Respondent argues the Court should dismiss the petition because it is more appropriately brought under 42 U.S.C. § 1983. (Mot. at 2.) Respondent contends that federal habeas relief is only available for prisoners challenging the fact or duration of confinement, see 28 U.S.C. § 2254(a), and that no habeas jurisdiction exists for conditions of confinement claims that will not necessarily shorten the prisoner's sentence, see Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). (Id. at 3.) Respondent asserts that Petitioner's claims challenge his conditions of confinement because success on his claims will not shorten his life sentence, and therefore must be brought in a § 1983 action. (Id.)

In opposition, Petitioner claims that expunging the report could affect the decision to grant him parole, and that the Board did in fact rely on the report to deny him parole in 2003 and 2006. (Oppo. at 2.) Respondent denies that Petitioner has shown irrefutably that the Board relied on the report at issue to deny him parole. (Reply at 2.) Furthermore, Respondent states that the Ninth Circuit has found that successfully overturning a disciplinary violation would not necessarily shorten the length of a prisoner's confinement because the parole board still had the authority to deny parole for many other reasons. See Ramirez, 334 F.3d at 859. Respondent contends that likewise, removing the report from Petitioner's central file will also likely have no affect on his parole suitability because the Board has many other bases to deny Petitioner parole, see, e.g., Cal. Code Regs. tit. 15, § 2402(b)-(c). (Reply at 2.)

Traditionally, challenges to prison conditions have been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004). The two remedies are not always mutually exclusive, however. Id. at 1031. The Supreme Court has consistently held that any claim by a prisoner attacking the fact or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). A claim that would necessarily imply the invalidity of a prisoner's conviction or continuing confinement must be brought in a habeas petition. See id.

Where an inmate challenges the constitutional validity of the state procedures used to deny parole eligibility or parole suitability, but seeks injunctive relief in the form of an earlier eligibility review or parole hearing rather than earlier release, the claim is cognizable under § 1983. Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). In Wilkinson, the Court held that prisoners' parole claims seeking a new parole hearing need not be brought in habeas corpus because the relief sought would not necessarily "invalidate the duration of their confinement–either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." Id. at 79 (finding that the exception to § 1983 coverage for claims at the core of habeas corpus relief in Preiser does not include procedural challenges where relief under § 1983 was left available by the Court's subsequent holding in Wolff v. McDonald, 418 U.S. 539, 554 (1974)). See also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997) (if prisoner wins and is entitled to parole eligibility hearing, this does not guarantee parole or necessarily shorten his prison sentence).[2] However, a parole or time credit claim that does affect the

[2] But this does not mean that such a claim may not be brought in habeas as well: "[W]hen prison inmates seek only equitable relief in challenging aspects of their parole review that, so long as they prevail, *could* potentially affect the duration of their confinement, such relief is available under the federal habeas statute." Docken, 393 F.3d

legality or duration of a prisoner's custody, and a determination of which may likely result in entitlement to an earlier release, must be brought in habeas. See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997); Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990), cert. denied, 498 U.S. 1126 (1991); Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also Ramirez v. Galaza, 334 F.3d 850, 858-59 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely" accelerate the prisoner's release on parole, must be brought in a habeas petition).

The Supreme Court has declined to address whether a challenge to a condition of confinement may be brought under habeas. See Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979); Fierro v. Gomez, 77 F.3d 301, 304 n.2 (9th Cir.), vacated on other grounds, 519 U.S. 918 (1996). However, the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). The preferred practice in the Ninth Circuit also has been that challenges to conditions of confinement should be brought in a civil rights complaint. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint)

The Court finds that Petitioner's claims do not necessarily imply the invalidity of a his conviction or continuing confinement, and therefore does not need to be brought in a habeas petition. See Calderon, 523 U.S. at 747. Rather, Petitioner seeks expungement of the negative report from his file, which is a form of relief that does not necessarily "invalidate the duration of [Petitioner's] confinement." Wilkinson, 544 U.S. at 79; see also Shimoda, 131 F.3d at 824. Nor has Petitioner shown that expungement of the report would "necessarily" or "likely" accelerate his release on parole. See Ramirez v. Galaza, 334 F.3d

---

at 1028. Habeas and § 1983 are not mutually exclusive in such a case. Id. at 1031.

at 858-59. Accordingly, Petitioner's claims are more appropriately addressed in a civil rights complaint pursuant to 42 U.S.C. §1983. See Badea v. Cox, 931 F.2d at 574.[3]

**CONCLUSION**

For the foregoing reasons, Respondent's motion to dismiss (Docket No. 8) is GRANTED. The petition for writ of habeas corpus is DISMISSED without prejudice. Petitioner may re-file his claims in a new action under a civil rights complaint pursuant to 42 U.S.C. § 1983.

DATED: 7/15/10

JEREMY FOGEL
United States District Judge

[3] The dismissal being without prejudice, the Court need not address the merits of Respondent's other grounds for dismissal.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

VIET M. NGO,

Petitioner,

v.

J. SOLIS, Warden,

Respondent.
_____________________________________/

Case Number: CV04-01627 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 7/26/10, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Viet M. Ngo E-21895
CTF
POB 689
Soledad, CA 93960

Dated: 7/26/10

Richard W. Wieking, Clerk